D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
YAAKOV SEBROW,                                               :    08 CV 1725 (ARR)
                                    Plaintiff,               :
                                                             :    NOT FOR PRINT OR
    -against-                                                :    ELECTRONIC
                                                             :    PUBLICATION
                                                             :
NCO FINANCIAL SYSTEMS, INC.,                                 :    OPINION AND ORDER
                                                             :
                                    Defendant.               :
                                                             :
------------------------------------------------------------- X
ROSS, United States District Judge:

The plaintiff, Yaakov Sebrow, brings this action alleging a violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. The defendant, NCO Financial Systems, Inc. ("NCO"), moves for summary judgment pursuant to Rule 56, Fed. R. Civ. P.

For the reasons stated below, the defendant's motion is granted.

## BACKGROUND

The following facts are undisputed. On April 27, 2007, NCO sent the plaintiff a collection letter regarding an outstanding PayPal, Inc. debt. Deft. Rule 56.1 Stmt. ¶ 1. The letter included a validation notice, stating in relevant part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this

1

> office will provide you with the name and address of the original
> creditor, if different from the current creditor.

Roth Decl, Ex. A.

On April 28, 2008, the plaintiff filed this action, contending that the validation notice violated Section 1692g of the FDCPA. See Compl. ¶¶ 1, 23-25. On January 5, 2009, the defendant filed the instant motion for summary judgment.

## DISCUSSION

### I. Standard of Review

Under Rule 56, summary judgment is proper if the pleadings, depositions, answers, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc.56(c). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome of the litigation if application of the relevant substantive law requires their determination. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Cartrett, 477 U.S. 317, 323 (1986). The substantive law determines the facts that are material to the outcome of a particular litigation. See Anderson, 477 U.S. at 250; Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975). In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the

moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Only when it is apparent that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.2d 1219, 1223 (2d Cir. 1994).

## II. Plaintiff's FDCPA Claim

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. When evaluating an FDCPA claim, "courts apply an objective standard based on the 'least sophisticated consumer,'" requiring courts to step into the shoes of the least sophisticated consumer when evaluating the legality of a debt collection letter. Dewees v. Legal Servicing, LLC, 506 F.Supp.2d, 128, 132 (E.D.N.Y. 2007) (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). While this standard protects an "uninformed, naive, or trusting" debtor, it also "protects debt collectors against

3

liability for bizarre or idiosyncratic interpretations of collection notices." Spira v. Ashwood Financial, Inc., 358 F.Supp.2d 150, 156 (E.D.N.Y. 2005) (internal citations omitted).

FDCPA subsection 1692g(a) requires that the following statements be included in a written validation notice sent to the consumer within five days of an initial written communication with the consumer:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The plaintiff contends that the validation notice sent to her by NCO failed to meet the requirements of subsection 1692g(a)(3), relying on Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 84 (2008). See Pl. Opp. Mem. at 5-8. In Jacobson, the Second Circuit held that a debt collector's letter stating that a consumer's notification that he was disputing the debt must be *"received in [the debt collector's] office"* within thirty days violated the FDCPA. Jacobson, 516 F.3d at 93-95 (emphasis in original). Because a "recipient of a debt collection letter covered by

4

the FDCPA validly invokes the right to have the debt verified whenever she *mails* a notice of dispute *within thirty days of receiving* a communication from the debt collector," the statement that the debt collector must *receive* the notice within thirty days was unlawful. Id. at 95 (emphasis in original).

Unlike Jacobson, the communication challenged in this case does not state that the consumer's notice of dispute must be received within thirty days. Rather, it merely states that unless "you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid." Roth Decl, Ex. A. The plaintiff argues that the least sophisticated consumer would be confused by this notice, unsure from the language "whether he has the full 30 days to dispute the debt or whether the dispute must actually be received by the debt collector within those 30 days." Pl. Opp. Mem. at 5. To support this argument, the plaintiff quotes from a portion of Jacobson explaining why the verbs used in the statute – "notifies" and "disputes"[1] – are ambiguous as to when a consumer's notification of dispute becomes effective, either upon dispatch or upon receipt. See Pl. Opp. Mem. at 5. (quoting Jacobson, 516 F.3d at 94).

The facts of Jacobson, however, do not support the plaintiff's argument. In that case, the debt collector sent two communications: an initial letter that included the language stating that the notice of dispute must be "received in this office" with thirty days and then a separate validation notice that included the identical "notify this office within 30 days" language that the plaintiff is challenging in this case. See Jacobson, 516 F.3d at 88. The Circuit expressly stated

---

[1] Section 1692g(a)(3) uses "disputes" and Section 1692g(a)(4) uses "notifies." 15 U.S.C. § 1692g(a).

that the "language of the validation notice, standing alone, would satisfy [the debt collector's] obligations under § 1692g(a)." Id. at 90. The result in Jacobson hinged on the fact that the language in the validation notice was "overshadowed or contradicted" by the language in the initial letter. Id. at 91.

The communication challenged by the plaintiff in this case, which closely tracks the language of the statute and is identical to the validation notice endorsed in Jacobson, does not violate the requirements of § 1692g(a). The first sentence, "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid," Roth Decl, Ex. A, parallels the language of Section 1692g(a)(3), with the only difference being the verb "notify" rather than "dispute." Given the use of the verb "notify" in Sections 1692g(a)(4) and 1692g(a)(5), this slight difference is not misleading in any way. See Jacobson, 516 F.3d at 94 (discussing the use of these two words in the statute). The second and third sentences of the validation notice track the language of the statute even more closely, both using the same verbs as the statutory provisions. Without any other communications to overshadow or contradict this language, the validation notice sent in this case meets the requirements of § 1692g(a). Jacobson, 516 F.3d at 90. The defendant's motion for summary judgment is granted, and the plaintiff's case is dismissed.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted and the plaintiff's case is dismissed. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

s/ ARR

Allyne R. Ross
United States District Judge

Dated: August 25, 2009
       Brooklyn, New York

SERVICE LIST:

Attorney for Plaintiff
Lawrence Katz
Law Offices of Lawrence Katz
455 Central Avenue
Suite 206
Cedahurst, NY 11516

Attorneys for Defendant
Bryan C. Shartle
David Israel
Sessions, Fishman, Nathan, LLP
201 St. Charles Avenue
35th Floor
New Orleans, LA 70170-3500

Kevin Barry McHugh
The Law Offices of Edward Garfinkel
12 Metrotech Center
27th Floor
Brooklyn, NY 11201

cc: Magistrate Judge Azrack